**Larry FLOWERS, Plaintiff–Appellant,**

v.

**COLUMBUS METROPOLITAN HOUS-ING AUTHORITY; Rosita Mickens; John W. Waddy, Jr., Defendants–Appellees.**

No. 02–4134.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2004.

Larry Flowers, pro se, Columbus, OH, for Plaintiff–Appellant.

John W. Waddy, Jr., Columbus, OH, for Defendants–Appellees.

Before KENNEDY, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

Larry Flowers, proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to § 507 of the Quality Housing and Work Responsibility Act of 1998, Pub.L. No. 105–276, 112 Stat. 2461 ("QHWRA"), § 3 of the United States Housing Act of 1937, 42 U.S.C. § 1437a(a); 42 U.S.C. § 1983; and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 27, 2001, Flowers filed a complaint against the Columbus Metropolitan Housing Authority ("CMHA"); Rosita Mickens, the property manager at the Sunshine Terrace public housing community, which is owned by CMHA; and John W. Waddy, Jr., an attorney who represents CMHA. Flowers alleged that he is a low-income tenant who has resided at Sunshine Terrace since 1993. Flowers alleged

that, prior to the first day of August 1999, he applied to CMHA for a hardship exemption from the payment of his rent because "he was awaiting an elgibility [*sic*] determination for [Supplemental Security Income ('SSI') benefits]," he lacked "any source of income," and "imposition of the minimum rent requirement would cause his eviction." CMHA denied Flowers's application. Flowers alleged that on October 6, 1999, CMHA filed a complaint in the Franklin County, Ohio, Municipal Court alleging forcible entry and detainer. The state trial court found in favor of CMHA and granted restitution of the rental property to CMHA. Flowers appealed the trial court's decision to the Ohio Court of Appeals, Tenth Appellate District, which affirmed the trial court's judgment. On November 7, 2001, the Ohio Supreme Court dismissed Flowers's subsequent appeal.

Dissatisfied with the outcome of the state court proceedings, Flowers filed the instant action alleging that the defendants denied him the procedural protections established by the QHWRA and deprived him of due process and equal protection. As relief, Flowers requested "a writ of mandamus—compelling the Franklin County Municipal Court to vacate its judgment and findings," a declaratory judgment against CMHA, an injunction directing CMHA "to renew his lease based on the amount of his monthly SSI check and enjoining defendant CMHA from acting persuant [*sic*] to the judgment of the Franklin County Municipal Court," and damages against Mickens and Waddy.

The defendants filed a motion to dismiss the complaint, to which Flowers responded. The district court granted the defendants' motion and dismissed the action pursuant to the provisions of Fed.R.Civ.P. 12(b)(1), concluding that the court lacked subject matter jurisdiction over the claims asserted in the complaint. The district court subsequently denied Flowers's motion for reconsideration. Flowers has filed a timely appeal and a motion to stay the district court's judgment.

We review de novo a district court's dismissal of an action for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). When a defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *Id.*

Upon review, we conclude that the district court properly dismissed Flowers's complaint for lack of subject matter jurisdiction. Because Flowers's complaint sought federal court review of a state court judgment, the *Rooker–Feldman* doctrine precludes the exercise of federal jurisdiction. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The *Rooker–Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Blanton v. United States*, 94 F.3d 227, 233–34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476.

Flowers's complaint merely reflected his dissatisfaction with the state court's forcible entry and detainer judgment and was essentially an attempt to obtain unauthorized federal review of that judgment. Flowers raised the same claims against CMHA in the instant action that were considered and rejected by the state courts. Any litigation of Flowers's claims

would necessarily involve review of the forcible entry and detainer determination and possible modification of the state court's judgment. By requesting the district court to order the Franklin County Municipal Court "to vacate its judgment and findings," Flowers clearly sought to relitigate and collaterally attack the state court's forcible entry and detainer judgment. Thus, based on the allegations made by Flowers in his complaint, the district court properly dismissed Flowers's complaint for lack of jurisdiction under the *Rooker–Feldman* doctrine. *See Feldman,* 460 U.S. at 486; *Blanton,* 94 F.3d at 233–34.

We further conclude that the denial of Flowers's motion for reconsideration was not an abuse of the district court's discretion. *See GenCorp. Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 832 (6th Cir. 1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998). Flowers's motion for reconsideration failed to demonstrate a clear error of law or newly discovered evidence which would justify reconsideration of the dismissal of his complaint for lack of jurisdiction. *See Sault Ste. Marie Tribe of Chippewa Indians,* 146 F.3d at 374.

Accordingly, we deny the motion to stay and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.